THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:01-cr-00048-MR-WCM-1

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | O R D E R |
| | ) | |
| DENNIS ONEAL BRASWELL, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion for Order Reducing Sentence/Modifying Judgment" [Doc. 723].

**I.   BACKGROUND**

In October 2001, the Defendant Dennis Oneal Braswell pled guilty to one count of possession with intent to distribute cocaine and cocaine base. [Doc. 149]. On August 21, 2002, the Court imposed a sentence of 262 months' imprisonment. [Doc. 282].

On March 18, 2021, the Defendant, through counsel, filed the present motion seeking a compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i), citing the ongoing COVID-19 pandemic and the conditions at the place of the Defendant's incarceration, FCI Yazoo City. [Doc. 723]. The Bureau of Prisons' website, however, indicates that the Defendant is

currently serving his sentence at a halfway house in Raleigh, North Carolina, and that his projected release date is July 24, 2021.[1]

## II. DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). By its plain language, § 3582(c)(1)(A) makes clear that a defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction. Further, the Court of Appeals for the Fourth Circuit has held that a district court lacks the authority to modify a sentence except in the narrow circumstances and procedures set forth in § 3582. See United States v. Goodwyn, 596 F.3d

---

[1] See https://www.bop.gov/inmateloc/ (last visited April 1, 2021).

233, 235 (4th Cir. 2010).[2]  The Defendant has the burden of demonstrating that he has complied with the requirements of § 3582 or that exhaustion of such remedies would be futile.  See United States v. Freshour, No. 5:06-cr-00013-KDB-DCK, No. 2020 WL 3578315, at *1 (W.D.N.C. July 1, 2020) (Bell, J.).

Here, the Defendant does not indicate in his motion that he submitted a compassionate release request to the warden of his facility.  The language of Section 3582(c)(1)(A) is clear: Before a defendant may seek a modification of his sentence in the courts, the defendant must first exhaust all administrative remedies or wait thirty days after submitting a request for release from the warden without receiving any response before filing a motion for a sentence reduction.  Thus, the Defendant has not complied with the requirements of the statute, and the Court cannot grant the requested

---

[2] The Fourth Circuit has not yet ruled on whether the exhaustion requirements in § 3582(c)(1)(A) are jurisdictional or merely a claims-processing rule.  This Court, however, need not decide that issue in order to resolve the present motion.  Either way, the Defendant must exhaust his administrative remedies as defined in § 3582(c)(1)(A) before filing a motion for compassionate release in this Court.  See Ross v. Blake, 136 S. Ct. 1850, 1857 (2016) (finding that "mandatory exhaustion statutes . . . establish mandatory exhaustion regimes, foreclosing judicial discretion"); United States v. Williams, No. CR JKB-15-0646, 2020 WL 1506222, at *1 (D. Md. Mar. 30, 2020) (denying motion for reduction of sentence because defendant failed to exhaust his administrative remedies, but declining to decide whether exhaustion requirement is jurisdictional).

relief. Accordingly, the Defendant's motion for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) is denied without prejudice.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Motion for Order Reducing Sentence/Modifying Judgment" [Doc. 723] is **DENIED WITHOUT PREJUDICE** to refiling after the Defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the Defendant's facility, whichever is earlier.

**IT IS SO ORDERED.**

Signed: April 2, 2021

*[Signature]*

Martin Reidinger
Chief United States District Judge